**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHANTEE WILLIAMS EL,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>***Defendant.*** | **Civil No. 8:25-cv-01930-JRR** |

**MEMORANDUM OPINION**

Pending before the court are Defendant Equifax Information Services LLC's Motion for Judgment on the Pleadings at ECF No. 15 (the "Rule 12 Motion"), Plaintiff's Motion for Leave to File Surreply at ECF No. 20 (the "Surreply Motion"), and Plaintiff's Motion for Leave to File Supplemental Authority at ECF No. 23 (the "Supplemental Authority Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Rule 12 Motion will be granted; the Surreply Motion will be denied; and the Supplemental Authority Motion will be granted in part and denied in part.

## I. BACKGROUND[1]

Plaintiff Chantee Williams El initiated this action against Defendant under the Fair Credit Reporting Act ("FCRA") on June 16, 2025, based on the following allegations. (ECF No. 1; the "Complaint.") On or about February 7, 2025, Plaintiff requested a copy of her "consumer credit disclosure" (the "Report") from Defendant, a consumer reporting agency ("CRA"). *Id.* ¶ 9. Equifax provided an electronic copy of same via annualcreditreport.com. *Id.* ¶ 11. Notwithstanding Plaintiff's belief that the data furnisher provided full account numbers, account

[1] As discussed at greater length below, in ruling on the instant Rule 12 Motion, the court accepts as true all well-pled facts set forth in the Complaint (ECF No. 1).

information, and payment history, Defendant "omitted the full Account Numbers," and the Report was missing "Account Information and Payment History related to Bank of America, Municipal Em FCU, JPMCB Card, Barclays Bank Delaware, Customers Bank, Northwest Federal Credit, Pennsylvania State ECU, BMW Financial Services, Municipal FCU, Absolute Resolutions, [and] Portfolio Recovery Assoc trade lines." *Id.* ¶¶ 11–12. These omissions were only in the Report provided to Plaintiff; Defendant includes the full account numbers, account information, and payment history in its reports regarding Plaintiff that it sells to third parties. *Id.* ¶ 14. Plaintiff contends that Defendant "knows of this error," but "has yet to correct it." *Id.* ¶ 21. Plaintiff believes these issues occur because Defendant generates reports "using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form." *Id.* ¶ 27.

Plaintiff contends that Defendant's failure to include such information in the Report constituted a "breach[]" of its "duty" under 15 U.S.C. § 1681g(a) because it failed "to provide the account numbers, missing account information[,] and payment history," information that is "necessary for a consumer to be able to research and evaluate the information contained in her credit file." (ECF No. 1 ¶¶ 15–16.) Specifically, she urges that Defendant's actions "violate[] the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately." *Id.* ¶ 22. Based on the foregoing, Plaintiff brings one count under the FCRA—violation of 15 U.S.C. § 1681g(a)(1). *Id.* ¶ 39. Plaintiff alleges that this issue has caused her "great frustration and emotional distress when trying to understand her credit report and verify it against her own records." *Id.* ¶ 24.

On July 11, 2025, Defendant filed its answer. Upon the start of discovery, Defendant filed the instant Rule 12 Motion. (ECF No. 15.) After the completion of briefing on Defendant's Rule

12 Motion, Plaintiff filed the Surreply Motion and Supplemental Authority Motion. (ECF Nos. 20, 23.) Plaintiff also filed an additional notice of supplemental authority, directing the court to an out-of-circuit opinion. (ECF No. 22.)

## II. <u>SURREPLY MOTION</u>

Plaintiff seeks leave to file a surreply based on her assertion that Defendant's reply "introduces new arguments, case law, and factual assertions not raised in its original Motion for Judgment on the Pleadings." (ECF No. 20 at p. 2.) Specifically, Plaintiff argues that Defendant cites new caselaw, offers "new factual assertions and reframing," and attacks Plaintiff's affidavit attached to her opposition. *Id.* at pp. 3–4.

In this court, surreplies are disfavored and generally not permitted. *Bowers v. Legum & Norman Realty, Inc.*, 776 F. Supp. 3d 294, 303 n.1 (D. Md. 2025); Local Rule 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Ultimately, whether to permit a surreply is within the court's discretion. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015). "This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)). *See Freeman*, 961 F. Supp. 2d at 801 (explaining that "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply") (citing *Khoury*, 268 F. Supp. 2d at 605 (D. Md. 2003)). Of import here, "[w]here 'the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in

their response,' a sur-reply is not appropriate." *Freeman*, 961 F. Supp. 2d at 801 (quoting *Aguilar v. LR Coin Laundromat,* 2012 WL 1569552, at *2–3 (D. Md. May 2, 2012)).

The court is not persuaded a surreply is warranted here. Plaintiff identifies no new evidence or argument that is novel or not responsive to Plaintiff's response in opposition; therefore, a surreply is not appropriate. Indeed, Defendant's reply consists solely of the arguments it raised in its Rule 12 Motion and arguments responding to Plaintiff's arguments and proffered evidence. That Defendant referenced additional caselaw in support of its arguments does not constitute new argument; rather, it is merely a response to Plaintiff's opposition. Similarly, Plaintiff's proposed surreply seeks to respond to arguments she previously neglected (*e.g.*, Defendant's argument as to creditworthiness). None of the bases asserted by Plaintiff warrants dispensation of a surreply. The Surreply Motion will therefore be denied.[2]

## III. SUPPLEMENTAL AUTHORITY MOTION

Following briefing on the Rule 12 Motion, Plaintiff filed or sought to file multiple notices of supplemental authority, specifically out-of-circuit district court opinions, that bear on arguments presented in Defendant's Rule 12 Motion. Pursuant to Federal Rule of Evidence 201(b), the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The court may also take judicial notice of information in the public record. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

While the court will take note of the authority Plaintiff has identified, Plaintiff's assertions of law and fact in these filings are not proper subjects for judicial notice; instead, Plaintiff uses

[2] Notably, even were the court to consider the surreply, it would not materially alter the court's analysis set forth herein or bear on the court's decision that Plaintiff has failed to establish Article III standing.

these filings to make responsive argument in circumvention of the Federal and Local Rules. *See Uzoigwe v. Verizon Maryland LLC*, No. 1:23-CV-02572-JRR, 2025 WL 1370662, at *6 (D. Md. May 12, 2025), *reconsideration denied,* No. 1:23-CV-02572-JRR, 2025 WL 3073876 (D. Md. Sept. 29, 2025) (denying motion for judicial notice where plaintiff did not "set forth facts that are 'not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'" (quoting FED. R. EVID. 201)); *Found. to Support Animal Prot. v. Vital Farms, Inc.*, No. 2:22MC23, 2023 WL 3446200, at *3 (E.D. Va. Apr. 3, 2023) (recognizing "a request for judicial notice is not the appropriate place to make legal argument other than in favor of notice of the fact asserted"). Accordingly, the court will therefore grant in part and deny in part the Supplemental Authority Motion, observing Plaintiff's cited caselaw (including the authority referenced in Plaintiff's separately filed notice of supplemental authority at ECF No. 22), but declining to consider Plaintiff's additional argument on the merits of the Rule 12(c) Motion.[3]

## IV. RULE 12—LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) concerns dismissal for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if

[3] As with Plaintiff's proposed surreply, even were the court to consider Plaintiff's arguments related to the supplemental authority she cites, it would not materially alter the court's analysis set forth herein.

the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

Where Defendant asserts a challenge to Plaintiff's Article III standing, it has raised a jurisdictional challenge properly analyzed under Rule 12(b)(1).[4] *See Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (recognizing that Article III standing "is a threshold jurisdictional question" (citation omitted)). Defendant thus mounts a facial challenge to the court's subject matter jurisdiction, arguing that Plaintiff's allegations are insufficient to establish Article III standing. Accordingly, the court need not consider matters outside the pleadings in addressing Defendant's Article III challenges, and the parties do not appear to ask the court to do so.

**B. Federal Rule of Civil Procedure 12(c)**

A party may move for judgment on the pleadings after the pleadings are closed, so long as the motion is made early enough not to delay trial. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is considered pursuant to the same standard as Federal Rule of

[4] Defendant omits (seemingly erroneously) reference to Rule 12(b)(1) in its Rule 12 Motion.

Civil Procedure 12(b)(6), meaning the court "recount[s] the facts as alleged by Plaintiff, accepting them as true and drawing all reasonable inferences in Plaintiff's favor." *Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022) (first citing *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); and then citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 702 (4th Cir. 2016) (same). Like a Rule 12(b)(6) motion, a Rule 12(c) motion does not provide a vehicle to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "A motion for judgment on the pleadings pursuant to Rule 12(c), . . . should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." *United States v. Castillo*, No. 8:19-CV-3459-PWG, 2021 WL 825974, at *3 (D. Md. Mar. 4, 2021) (citing *Shooting Point, L.L.C. v. Cumming*, 238 F. Supp. 2d 729, 735 (E.D. Va. 2002), *aff'd*, 368 F.3d 379 (4th Cir. 2004)).

In ruling on a Rule 12(c) motion, a court usually does not consider matters outside of the pleadings. *See* FED. R. CIV. P. 12(d). A court may consider copies of written instruments attached to the Complaint, *see* FED. R. CIV. P. 10(c), as well as documents attached to the Rule 12(c) motion "so long as they are integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009)). "To be 'integral,' a document must be one 'that by its very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Wooten v. Univ. of Maryland, Baltimore*, 733 F. Supp. 3d 402, 415 (D. Md. 2024) (emphasis in original) (quoting *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011)).

Based on the foregoing, the court may consider the documents attached to Plaintiff's Complaint in ruling on the Rule 12 Motion. *See* FED. R. CIV. P. 10(c), *supra*. However, to the extent Plaintiff asks this court to consider her affidavit attached to her opposition, the court will not consider it, as it is not integral to her complaint, which is to say, its existence does not give rise to the legal rights Plaintiff asserts.[5, 6] *See Wooten*, 733 F. Supp. 3d at 415, *supra*.

## V. **ANALYSIS**[7]

By way of background, "[t]he FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010) (citing 15 U.S.C. § 1681(a)). "In enacting the FCRA, Congress sought 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 346 (4th Cir. 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). It "imposes a host of requirements concerning the creation and use of consumer reports," *see Spokeo, Inc.* v. *Robins*, 578 U. S. 330, 335 (2016), including that CRAs "must, upon request, disclose to the consumer '[a]ll information in the consumer's file at the time of the request.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021) (quoting 15

[5] Additionally, to the extent Plaintiff includes her affidavit in an effort to add to the allegations of her Complaint, it is similarly not properly considered. It is axiomatic that Plaintiff may not amend her Complaint in opposition to a Motion. *See Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 382 F. Supp. 3d 349, 377 n.17 (D. Md. 2019) (noting opposition to a motion to dismiss "is not a vehicle for amending a complaint"); *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (noting "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101 (7th Cir. 1984)).

[6] Nonetheless, even were the court to consider Plaintiff's affidavit, it would not materially affect the court's consideration of, or ruling on, the Rule 12 Motion.

[7] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

U.S.C. § 1681g(a)(1)). Specifically, 15 U.S.C. § 1681g(a) requires that, upon request, a CRA must "clearly and accurately disclose to the consumer," *inter alia*, "[a]ll information in the consumer's file at the time of the request," "[t]he sources of the information," and "[i]dentification of each person . . . that procured a consumer report," during the relevant time periods. 15 U.S.C. § 1681g(a)(1)–(3). The term "file" means "all of the information on that consumer recorded and retained by a [CRA] regardless of how the information is stored." 15 U.S.C. § 1681a(g). This provision "creates a cause of action that has three elements":

> (1) duty—a consumer agency must disclose "[a]ll information in the consumer's file" upon request; (2) breach of duty—any consumer agency that fails to meet this requirement is liable to the affected individual; and (3) damages—the affected individual may recover $ 100 to $ 1000 for each willful violation. 15 U.S.C. § 1681g(a)(1)[.]

*Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019).

**A. Standing Challenge[8]**

Defendant argues that Plaintiff lacks Article III standing to bring her FCRA claim. (ECF No. 22-1 at pp. 7–9.) The Constitution extends the judicial power of Article III courts to "cases" or "controversies." U.S. CONST. ART. III, § 2, cl. 1. The doctrine of standing, among others, "implements" this limit. *Carney v. Adams*, 592 U.S. 53, 58 (2020). To establish standing:

> First, the plaintiff must have suffered an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. Second, the plaintiff's injury must be fairly traceable to the challenged action of the defendant, meaning that there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

[8] Although Defendant raises this argument in the alternative, the court considers it first because Article III standing "is a threshold jurisdictional question." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (citation omitted)).

*Dep't. of Educ v. Brown*, 600 U.S. 551, 561 (2023) (citations omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Plaintiff bears the burden to establish her standing. *Lujan*, 504 U.S. at 561.

With regard to the injury in fact element, which is challenged here, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original). "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016). Relevant here, "[a]n 'informational injury' is a type of intangible injury that can constitute an Article III injury in fact." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017) (quoting *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998)). "*Spokeo* sets forth two considerations—historical practice and congressional judgment—that are 'instructive' for determining whether an intangible harm constitutes a concrete injury." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 253 (4th Cir. 2020) (citing *Spokeo*, 578 U.S. at 340). Thus, in considering whether Plaintiff has met the concrete harm requirement (*i.e.*, injury in fact), the court assesses "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts," while affording "due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation." *TransUnion*, 594 U.S. at 424–25 (quoting *Spokeo*, 578 U.S. at 341).

Importantly, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a

person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. As the Supreme Court summarized:

> For standing purposes, . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law. Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Casillas*, 926 F.3d at 332.

*TransUnion*, 594 U.S. at 426–27. A plaintiff may therefore not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341.

This same principle is true of informational injuries. "[A] statutory violation *alone* does not create a concrete informational injury sufficient to support standing." *Dreher*, 856 F.3d at 345 (noting that "a statutory violation *alone* does not create a concrete informational injury sufficient to support standing" (emphasis in original) (citing *Spokeo*, 578 U.S. at 341). "Rather, a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled *and* that the denial of that information creates a 'real' harm with an adverse effect." *Id.* (citing *Spokeo*, 578 U.S. at 340); *see also Kelly v. RealPage Inc.*, 47 F.4th 202, 212–13 (3d Cir. 2022) (noting "a plaintiff need only allege that she was denied information to which she was legally entitled, and that the denial caused some adverse consequences related to the purpose of the statute"); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir.

2022) ("This Court has adopted a two-step framework to determine whether alleged violations of FCRA provisions are sufficiently concrete to confer standing: '(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'") (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)).

In considering the standing inquiry on a similar challenge for violation of 15 U.S.C. § 1681g(a)(1), this court recently considered the Sixth Circuit's decision in *Huff v. TeleCheck Services, Inc.*, 923 F.3d 458 (6th Cir. 2019). *Super v. Experian Info. Sols., Inc.*, No. CV DKC 23-3237, 2024 WL 3344670, at *2–3 (D. Md. July 9, 2024). In *Huff*, the Sixth Circuit noted:

> We see three ways in which Huff potentially could satisfy Article III with this cause of action. One, the statutory violation created an injury in fact as applied to him because it actually injured him when the violation led, say, to a check decline. Two, the statutory violation did not injure him in any traditional way, but the risk of injury was so imminent that it satisfies Article III. Three, the statutory violation did not create an injury in any traditional sense, but Congress had authority to establish the injury in view of its identification of meaningful risks of harm in this area. Each possibility deserves its turn.

923 F.3d at 463. Based on *Huff*, this court reasoned:

> [I]t is insufficient for Plaintiff simply to allege that the FCRA creates a duty—that a CRA must disclose "[a]ll information in the consumer's file" upon request—and that Defendants breached that duty by failing to disclose the information he seeks. 15 U.S.C. § 1681g(a)(1). As the Sixth Circuit explained, in order to create a cognizable Article III injury, Plaintiff must allege that he suffered "a genuine harm or risk of harm" as a result of Defendants' breach of duty under the FCRA. *Huff*, 923 F.3d at 465. Because Plaintiff failed to allege that Defendants' alleged statutory violation has "had [any] adverse consequences[,]" he has not established Article III standing under the third basis. *Id.*

*Super*, 2024 WL 3344670, at *3. Indeed, on claims similar to the one asserted here, this court and others have found the plaintiff lacked standing based on this same reasoning. *See, e.g.*, *id.*; *Roberts v. Trans Union, LLC*, No. CIV-25-00887-JD, 2026 WL 2199252, at *5 (W.D. Okla. July 30, 2026); *Harding v. Experian Info. Sols., Inc*, No. 8:26-CV-2009-KKM-CPT, 2026 WL 2146992, at *2 (M.D. Fla. July 27, 2026); *Peters v. Equifax Info. Servs., LLC*, No. 8:22-CV-2797-KKM-AAS, 2022 WL 18358996, at *1 (M.D. Fla. Dec. 29, 2022); *Frazier v. Experian Info. Sols., Inc.*, No. CV GLR-18-0068, 2019 WL 13247929, at *3 (D. Md. July 25, 2019). *But see Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 WL 628973, at *5 (E.D. Tex. Feb. 9, 2026), *report and recommendation adopted,* No. 5:25-CV-00111-JRG-JBB, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026) (finding plaintiff pled an injury in fact); *Stafford v. Trans Union, LLC*, No. 4:25-CV-00921-JDK, 2025 WL 4648412, at *2 (E.D. Tex. Nov. 17, 2025), *report and recommendation adopted,* No. 4:25-CV-921-JDK-JDL, 2026 WL 526695 (E.D. Tex. Feb. 25, 2026) (same).

Considering the relevant Supreme Court and Fourth Circuit precedent, Plaintiff has not plausibly alleged Article III standing to bring her claim. Even assuming without deciding that Plaintiff has plausibly alleged she was denied information in violation of § 1681g(a)(1), she has failed to allege facts "that the denial of that information creates a 'real' harm with an adverse effect." *See Dreher*, 856 F.3d at 345, *supra*. She does not allege, for example, that she "was denied credit or that [her] credit score decreased as a result of Defendants' failure to disclose the information in [her] file," or, as noted earlier, that incomplete information was provided to a third party resulting in negative effects on Plaintiff.[9] *Super*, 2024 WL 3344670, at *3 (citing *Diaz v. Chase*, 416 F. Supp. 3d 1090, 1095 (D. Nev. 2019)).

[9] Plaintiff's proposed surreply argues that her injury is akin to the injuries in *Kelly v. RealPage Inc.*, 47 F.4th 202 (3d Cir. 2022), and *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092 (9th Cir. 2022). (ECF No. 20-2 at pp. 5–6.) Not so. Both decisions concerned claims of actual harm resulting from the violation, such as violation of privacy

The sole asserted injury is that receiving the Report without the full information "caused [Plaintiff] great frustration and emotional distress when trying to understand her credit report and verify it against her own records." (ECF No. 1 ¶ 24.) However, Plaintiff's boilerplate assertion of emotional distress is insufficient to allege a concrete injury in fact.[10] *See, e.g.*, *Roberts v. Trans Union, LLC*, No. CIV-25-00887-JD, 2026 WL 2199252, at *5 (W.D. Okla. July 30, 2026) (noting plaintiff's "conclusory allegations that he suffered emotional distress, along with anxiety, depression, fear, numbness, self-hatred, and a difficulty regulating his emotions, are insufficient to confer standing" where he otherwise failed to offer factual allegations as to same); *Harding v. Experian Info. Sols., Inc*, No. 8:26-CV-2009-KKM-CPT, 2026 WL 2146992, at *2 (M.D. Fla. July 27, 2026) (finding allegation of frustration and emotional distress of "playing detective" insufficient to adequately plead harm); *Peters v. Equifax Info. Servs., LLC*, No. 8:22-CV-2797-KKM-AAS, 2022 WL 18358996, at *1 (M.D. Fla. Dec. 29, 2022) (finding plaintiff did not allege concrete harm based on allegation that "incomplete, unclear, and inaccurate information" caused him "frustration and emotional distress").

rights and the inability to then opt out of disclosures, *see Tailford*, 26 F.4th at 1100, or being denied approval for apartments or unable to secure public housing based on errors in the files, *see Kelly*, 47 F.4th at 214.

[10] Although not dispositive, it bears mention that Plaintiff's vague assertion of emotional distress is even less compelling considering that it appears to be form language of complaints utilized by *pro se* litigants. Indeed, the same language utilized by Plaintiff here appears in multiple nearly identical complaints across the country, each including the following allegation: "The lack of accurate, full account numbers, missing account information and payment history caused [Plaintiff] great frustration and emotional distress when trying to under [his/her] credit report and verify it against [his/her] own records." (ECF No. 1 ¶ 24.) *See, e.g.*, *Stafford v. Transunion et al.*, 4:25-cv-00921-JDK-JDL (E.D. Tex.), Dkt. No. 1 ¶ 31 (same); *Banks v. Equifax Information Services LLC*, 5:25-cv-00111-JRG-JBB (E.D. Tex.), Dkt. No. 1 ¶ 24 (same); *Harding v. Experian Information Solutions, Inc.*, 8:26-cv-02009-KKM-CPT (M.D. Fla.), Dkt. No. 1 ¶ 29 (substantively same, with minor punctuation/grammar differences). As discussed above, where Plaintiff fails to allege any factual basis to detail her emotional distress and frustration, she fails to allege a concrete harm; this is especially so where her sole allegation on this point is a conclusory statement drawn from form language in an apparent template and includes no factual basis as to how any violation affected her "in a personal and individual way," *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 n.1 (1992))
To be clear, the court makes no pronouncements about the use of a template complaint; it merely mentions the foregoing as further demonstration of the insufficiency of the factual basis of Plaintiff's allegations on this point.

This court agrees. "Mere boilerplate claims with no detail do not suffice to satisfy the requirements for injury-in-fact." *Reimer v. LexisNexis Risk Sols., Inc.*, No. 3:22CV153(DJN), 2022 WL 4227231, at *8 (E.D. Va. Sept. 13, 2022). General allegations that a plaintiff "felt 'greatly distressed,' 'very concerned,' and suffered 'emotional distress and mental anguish,'" without "specific facts to demonstrate these feelings" are insufficient to confer standing. *Id.* (citing cases). Plaintiff's threadbare allegations are thus insufficient to support standing to bring her FCRA claim.[11] *See, e.g.*, *Alston v. Experian Info. Sols., Inc.*, No. CV PJM 15-3558, 2016 WL 4555056, at *7 (D. Md. Aug. 31, 2016) (referring to allegation that defendants' action "caused the Plaintiff to suffer damages including out-of-pocket costs, loss of time, frustration, anger and other emotional or mental stress" as the "barest of the bare bones allegations").

Based on the foregoing, the court finds Plaintiff has failed to allege a plausible injury in fact to support her standing to bring her FCRA claim under § 1681g(a)(1). The court therefore lacks subject matter jurisdiction and must dismiss Plaintiff's Complaint. The court will therefore grant the Rule 12 Motion.

[11] Even were the court to consider Plaintiff's assertion in her affidavit attached her opposition that these "issues have consumed [her] thoughts daily, interfered with [her] ability to manage [her] finances effectively, and caused [her] to incur costs such as postage for disputes," this is still insufficient, as this provides no factual support for Plaintiff's barebones allegations. (ECF No. 18-1 ¶ 1.) *See Alston v. Experian Info. Sols., Inc.*, No. CV PJM 15-3558, 2016 WL 4555056, at *7 (D. Md. Aug. 31, 2016), *supra*. *See also Roberts v. Trans Union, LLC*, No. CIV-25-00887-JD, 2026 WL 2199252, at *5 (W.D. Okla. July 30, 2026) (noting that "generalized assertions of confusion and emotional distress and the nominal expense of mailing his disclosure request are insufficient to establish a concrete injury under Article III") (citing *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 828, 830 (10th Cir. 2022)).

## VI. CONCLUSION

Accordingly, for the reasons set forth herein, by separate order, Defendant's Rule 12 Motion will be granted, Plaintiff's Surreply Motion will be denied, and Plaintiff's Supplemental Authority Motion will be granted in part and denied in part.[12, 13]

August 26, 2026 /S/

Julie R. Rubin
United States District Judge

[12] A dismissal for lack of subject matter jurisdiction must be without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

[13] Although unclear, Plaintiff seemingly requests leave to amend in her opposition. She asserts: "Even if deficiencies existed, amendment should be granted freely under Rule 15(a) as no prejudice to Defendant or bad faith is shown. Any amendment would bolster the already plausible claims with additional details from Plaintiff's disclosures and disputes." (ECF No. 18 at p. 8.) While Plaintiff asserts as such, she does not identify any amendment she would make in order for this court to discern that her amendment would not be futile. Further, given that Plaintiff's request is premised on her assertion that her claims are "already plausible," it is unclear if or how any proposed amendment would bear on the issues the court has identified here. Accordingly, to the extent Plaintiff's assertion may be read to request leave to file an amended complaint, the court will deny Plaintiff's instant request at this time.